UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANGEL GONZALEZ SOLIS, | No. 1:26-cv-3407 TLN AC |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | |
| Respondent. | |

Petitioner, a self-represented immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Rule 4 of the Habeas Rules Governing Section 2254 Cases[1] requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In this case, petitioner used a form petition alleging that his prolonged detention violates due process. ECF No. 1.

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

However, the only information petitioner provides regarding his detention is that he has been in ICE custody since March 4, 2026, approximately two months.  Id. at 5-6.  No facts are provided to support petitioner's claim that he has been denied due process and that his detention is unreasonably prolonged.  Because it is not clear that leave to amend would be futile, petitioner will be given an opportunity to amend the petition.

Petitioner has also requested the appointment of counsel.  ECF No. 3.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  As set forth above, the petition does not contain sufficient information for the court to determine whether the circumstances of petitioner's detention implicate any potentially viable claims for relief.  Accordingly, the court does not find that the interests of justice would be served by the appointment of counsel at the present time and the motion will be denied without prejudice to renewal at a later date.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Petitioner's motion to appoint counsel (ECF No. 3) is DENIED without prejudice.

3.  Within fourteen days of the service of this order, petitioner may file an amended petition that provides factual allegations to support each claim for relief.  Failure to file an amended petition will result in a recommendation that this action be dismissed for failure to state a claim for relief.

4.  In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts

////

////

2

have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: May 7, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3